IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DENNIS OLENDER WILLIAMS, JR., :
:
Plaintiff, :
:
v. : Civ. No. 17-1392-LPS
:
JOHNSON & JOHNSON COMPANY :
et al., :
:
Defendants. :

**MEMORANDUM ORDER**

At Wilmington this 6th day of November, 2018;

1. Plaintiff has taken no action since April 2, 2018, including failing to oppose Defendants' motion to dismiss filed on May 4, 2018. (D.I. 13) On October 2, 2018, the Court entered an order for Plaintiff to show cause, on or before October 26, 2018, why this case should not be dismissed for failure to prosecute, pursuant to D. Del. LR 41.1. (*See* D.I. 15) Plaintiff did not respond to the show cause order.

2. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

3. The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which

1

entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

3. Several factors warrant the sanction of dismissal including Plaintiff's failure to respond to the motion to dismiss and Plaintiff's failure to prosecute the case.

THEREFORE, it is ordered that:

1. Plaintiff's request for counsel is **DENIED** as moot. (D.I. 11)

2. Defendants' motion to dismiss is **DENIED** as moot. (D.I. 13)

3. The Complaint is **DISMISSED** without prejudice for Plaintiff's failure to prosecute this case.

4. The Clerk of Court is directed to **CLOSE** the case.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE